United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 96-4038ND

| | | |
|---|---|---|
| Donna Fishbeck, Individually, and as | * | |
| Mother and Natural Guardian of her | * | |
| Infant Son, Jonathan Fishbeck; Jody | * | |
| McLaughlin; and Duane Voskuil, Ph.D., | * | |
| | * | On Appeal from the United |
| Appellants, | * | States District Court |
| | * | for the District of |
| v. | * | North Dakota. |
| | * | |
| | * | |
| State of North Dakota, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: May 19, 1997
Filed: June 3, 1997

_____

Before RICHARD S. ARNOLD, Chief Judge, BOWMAN and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

RICHARD S. ARNOLD, Chief Judge.

North Dakota has a statute that makes so-called "female circumcision," perhaps better described as female genital mutilation, a crime. N.D. Cent. Code § 12.1-36-01. Circumcision of males, however, is not prohibited. The three plaintiffs in this case contend that the State is in violation of the Equal Protection Clause of the Fourteenth Amendment on account of this distinction.

The plaintiffs are Donna Fishbeck, Jody McLaughlin, and Duane Voskuil. McLaughlin and Voskuil have no standing under any theory. Their convictions are sincere, and they are knowledgeable on the subject, but they have no personal stake in the outcome of this case, one way or the other. They are simply interested in the subject as a matter of public policy. This sort of interest is not sufficient to create a case or controversy for purposes of Article III of the Constitution.

Donna Fishbeck has a more personal kind of interest. After the effective date of the statute, her baby son was circumcised. The father consented to this procedure, but Ms. Fishbeck did not. She believes that the circumcision of males is just as wrong as that of females, and that the State is at fault for not treating the two procedures equally. Still, we do not see that the plaintiff Fishbeck has standing to invoke the federal judicial process. The injury that her son has received, if it is an injury, is in the past. Nothing that happens in this lawsuit can change it. Similarly, there is no measurable likelihood that the situation will recur in the future. It is always possible that Fishbeck will have another child, that the child will be male, that the father will again wish the child to be circumcised, and that the mother will, for some reason, be unable to prevent the procedure. The likelihood of these events' occurring, however, is completely speculative. There is no way to predict that they will occur, and no way to assess the likelihood of such an occurrence.

Accordingly, this case must be dismissed for lack of standing. Even if we were to declare the North Dakota statute invalid because it is underinclusive, and even if, in addition, as plaintiffs request, we could enter some kind of decree that would criminalize male circumcision, there is no assurance at all that the injury claimed by Fishbeck, either on her own behalf or on behalf of her son, would be redressed. The legal victory would be wholly abstract, so far as Fishbeck is concerned. There is no

claim for damages, a claim that would apparently, in any case, be barred by the Eleventh Amendment.[1]

The District Court[2] dismissed the case for lack of standing. We agree, and the judgment is

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]We need not decide whether the Eleventh Amendment would bar the relief sought in this case, because we are dismissing it for lack of Article III standing.

[2]The Hon. Patrick A. Conmy, United States District Judge for the District of North Dakota.